**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Sotelo, ) | No. CV 03-1668-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Terry Stewart; Donna Clement; Charles ) | |
| Ryan; Meg Savage; Dora Shriro, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court are Defendants' Motion For Summary Judgment (doc. # 47), Defendants' Statement Of Facts In Support Of Motion For Summary Judgment (doc. # 48) ("DSOF"), Plaintiff's Answer To Defendant's Motion For Summary Judgment (doc. # 51) ("Response"), Plaintiff Statement Of Facts (doc. # 52) ("PSOF"), and defendants' Reply To Plaintiff's Response To Defendants' Motion For Summary Judgment (doc. # 54).

Peter Sotelo sued defendants alleging Eighth Amendment, due process and equal protection violations for defendants' roles in denying him certain protective housing during his incarceration with the Arizona Department of Corrections. Sotelo, a homosexual with very feminine characteristics, claims to have suffered sexual assaults, discrimination and death threats at the hands of other prisoners. He alleges that prison officials have repeatedly denied effeminate inmates like himself protective custody, and that prison officials have failed to take notice of and prosecute the perpetrators of offenses against such inmates.

1  Given that Sotelo has been released from prison and does not now argue the issue, his claim
2  for injunctive relief is moot; the court therefore addresses only his claims for declaratory
3  relief, compensatory and punitive damages.
4  Sotelo's procedural due process claim was dismissed by the court on 04/09/2004
5  pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and 1915(b)(1). (doc. # 14.) The defendants
6  captioned above now move for summary judgment against Sotelo on both the Eighth
7  Amendment and equal protection claims. For the reasons explained below, the court grants
8  their motion.

**I.     Eighth Amendment Claim**

A.  Sotelo submits insufficient evidence to survive summary judgment. A plaintiff must set forth by affidavit or other evidence specific facts in support of his claim in order to survive summary judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the summary judgment stage, mere speculation or allegations without supporting evidence do not create a factual issue necessitating a trial. *See Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995). The only evidence Sotelo has placed before the court are 1) his own psychiatric medical records, 2) a letter he wrote appealing a denial of his request to move to a different yard of protective segregation, and 3) a letter from the Deputy Director rejecting his appeal. This evidence at most supports a finding that Sotelo was denied his preferred housing and suffered from psychiatric problems. Regardless of the truth or untruth of the allegations in Sotelo's Complaint, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

B.  Sotelo fails to provide any evidence linking his injury to the conduct of particular defendants. Section 1983 will not produce vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998) ("Liability under § 1983 must be based on the personal involvement of the defendant"). For example, Sotelo stated in his deposition that the only reason he named Terry Stewart as a defendant was that Stewart ran the prison.

1  Sotelo Deposition at 26-27.  Donna Clement was named simply because she was an official
2  in the central office of the prison.  *Id.* at 32-33.  Only by referring to Sotelo's Complaint can
3  the court determine who is alleged to have done what, Complaint (doc. # 4) at 4e-4i, given
4  that Sotelo's statement of facts only refers broadly to general violations of his rights.  No
5  evidence is cited to support those allegations against particular defendants.

6        C.    Sotelo provides no evidence suggesting he experienced an excessive risk to his
7  health or safety.  An official must "know[] of and disregard[] an excessive risk to inmate
8  health or safety; the official must both be aware of facts from which the inference could be
9  drawn that a substantial risk of serious harm exists, and he must also draw the inference."
10 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Sotelo puts forth no evidence— not even a
11 personal affidavit— suggesting that the housing solution decided upon following his letter
12 of April 16, 2003 put him at "excessive risk," let alone that individual officals were aware
13 of that risk.  On the contrary, the letter from Deputy Director Meg Savage, introduced into
14 evidence by Sotelo, indicates that Meg Savage and the approving authorities had considered
15 his concerns and concluded that alternative placement on another yard would adequately
16 buffer Sotelo from the dangers motivating his appeal.  PSOF Ex. B at 00055.

17       D.    To the extent Sotelo relies on the argument that certain officials "should have
18 known" about the offenses incurred against him, the Supreme Court has clearly held that
19 Eighth Amendment violations require a higher degree of culpability by prison officials.
20 *Farmer*, 511 U.S. at 837 (adopting subjective test for deliberate indifference, which requires
21 that the prison official actually knew of the excessive risk of harm).

22       E.    Sotelo has not introduced evidence to rebut defendants' evidence that
23 defendants acted reasonably under the circumstances.  "[P]rison officials who actually knew
24 of a substantial risk to inmate health or safety may be found free from liability if they
25 responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511
26 U.S. at 844.  The evidence introduced by defendants convincingly shows that almost all of
27 Sotelo's requests were followed by full-scale "blue book" investigations by the Criminal
28 Investigation Unit, that each time he reported a threat he was immediately placed in

1  protective detention, and that prison officials continuously updated his Do Not House With
2  list and made Sotelo's housing decisions with that list in mind.  Indeed, the unrebutted
3  evidence would even suggest that often times prison officials had Sotelo's "reasonable safety"
4  more on their minds than he did.  *See id.* ("A prison official's duty under the Eighth
5  Amendment is to ensure 'reasonable safety'"); DSOF at ¶ 23.

**II.    Equal Protection Claim**

A.    Plaintiff is not a member of a protected class.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren*, 152 F.3d at 1194. Homosexuals are not a protected class in the Ninth Circuit. *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 573-74 (9th Cir. 1990).  Although Sotelo mentions that he was a different race than most of the other prisoners, Sotelo nowhere suggests that he was treated differently by any defendant due to his race.

As regards Sotelo's gender discrimination claim, the Equal Protection Clause does protect males as well as females against sex discrimination by state officials. *See Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 733 (holding that policy of excluding males from public school of nursing violated the Equal Protection Clause).  Sotelo has not presented the court with any evidence of his disparate treatment from other males, however, and mentioned gender discrimination only in passing without introducing supporting evidence or argument. Response at 1.

B.    Sotelo provides no evidence linking his injury to the conduct of particular defendants.  "Liability under § 1983 must be based on the personal involvment of the defendant." *Barren*, 152 F.3d at 1194; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

C.    Sotelo submits no specific evidence of a constitutional violation.  A plaintiff must set forth by affidavit or other evidence specific facts in support of his claim in order to survive summary judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The

evidence put forth by Sotelo— his own psychiatric medical records, a letter he wrote appealing a denial of his request to move to a different yard of protective segregation, and a letter from the Deputy Director rejecting his appeal— is insufficient for any reasonable person to conclude that any particular defendant in this case acted with an intent or purpose to discriminate against Sotelo.

**III.    Immunity From Both Eighth Amendment And Equal Protection Claims**

    A.    The Eleventh Amendment bars suit against state officials in their official capacity for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

    B.    To the extent that Sotelo sues defendants in their personal capacities, defendants are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). No evidence suggests defendants here have violated any clearly established statutory or constitutional law.

IT IS THEREFORE ORDERED that defendants Terry Stewart, Donna Clement, Charles Ryan, Meg Savage, and Dora Shriro's Motion For Summary Judgment (doc. # 47) is granted.

IT IS FURTHER ORDERED that there is no just reason for delay, and this judgment is certified as a final judgment under Rule 54(b), Fed. R. Civ. P., as of the date entered below.

DATED this 11th day of October, 2005.

                                                   /s/ Neil V. Wake
                                                   Neil V. Wake
                                                   United States District Judge